IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )        2:19cr298-MHT
                            )            (WO)
DIAMOND MATHIS              )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal-history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the office of the United States Attorney, the United States Probation Office, the Federal Defender's office, and

the office of the clerk of court, to determine whether a defendant might be eligible for a reduction of sentence.

Defendant Diamond Mathis filed a motion for a sentence reduction (Doc. 145) based on Amendment 821's changes to the Sentencing Guidelines. The court referred the motion to the Panel.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered March 20, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Mathis is not eligible to receive a reduction in sentence pursuant to Amendment 821. Even assuming that she would qualify for the two-point adjustment for zero-point offenders under Amendment 821 and U.S. Sentencing Guidelines §4C1.1—which is unlikely due to the use of violence during her offense—Mathis still would not be eligible for a reduction in sentence because her original sentence of 48 months' imprisonment on her Hobbs Act

robbery offense[1] is lower than the amended guideline range after application of Amendment 821[2], and she did not receive a downward departure for substantial assistance at sentencing. *See* U.S. Sentencing Guidelines §1B1.10(b)(2)(A) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range..."); see also §1B1.10(b)(2)(B) (allowing a sentence reduction below the amended sentencing range only when the defendant's original sentence was reduced for substantial assistance).

---

1. Defendant Mathis also received a consecutive 84-month sentence under 18 U.S.C. § 924(c)(1)(A); this sentence is not impacted by Amendment 821.

2. Defendant Mathis's original Guidelines imprisonment range was 97-120 months. With a two-level reduction in offense level, the amended range would be 78-97 months.

An appropriate order will be entered.

DONE, this the 20th day of March, 2024.

                           /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**